```
                                          U.S. DISTRICT COURT
                                          DISTRICT OF VERMONT
                                                FILED
         UNITED STATES DISTRICT COURT
                  FOR THE             2011 JUL 25 PM 3: 16
             DISTRICT OF VERMONT
                                             CLERK    KAK
                                          BY_____
                                              DEPUTY CLERK
```

| | |
|---|---|
| PATRICK GAFFNEY, <br>     Plaintiff | ) <br> ) <br> ) |
| v. | ) <br> ) <br> ) CASE NO. 2:11-cv-189 |
| NEAL SHELTON and CATHERINE SHELTON Individually and d/b/a NEAL'S VINTAGE GUITARS, NEAL'S MUSIC, DAN DUEHREN, DAVID SWARTZ, CALIFORNIA VINTAGE GUITAR AND AMP, and NICHOLAS PANICCI, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

NOW COMES Plaintiff, Patrick Gaffney, by and through his attorneys, Corum Mabie Cook Prodan Angell & Secrest, PLC, and hereby Complains and Alleges against Defendants, as follows:

### NATURE OF ACTION

1. At various times in July, 2007 Defendants David Swartz, Dan Duehren, Neal Shelton, and Nicholas Panicci contacted Plaintiff Patrick Gaffney in order to sell him a guitar owned by Defendant Panicci. During these communications, Defendants made various false and misleading representations to Mr. Gaffney regarding the guitar's authenticity, history and value in order to induce Mr. Gaffney to purchase the guitar. In August, 2007 Mr. Gaffney purchased Defendant Panicci's guitar for the sum of one hundred and fifty thousand ($150,000.00) paid as one hundred thirty thousand dollars ($130,000.00) via cash wire and three guitars valued at twenty-five thousand ($25,000.00) for the twenty thousand dollar ($20,000.00) balance,

Defendant Panicci to send Mr. Gaffney $5,000.00 for the overage. Upon receiving and inspecting the guitar, Mr. Gaffney could tell the guitar was not as advertised and immediately contacted the Defendants, who failed and refused, and continue to fail and refuse, to honor their 24-hour return policy. Additionally, Defendant Panicci never sent Mr. Gaffney $5,000.00 for the overage. The guitar Mr. Gaffney received has been determined to have a value of no more than ten thousand dollars ($10,000.00), and accordingly Mr. Gaffney has suffered damages of one hundred forty-five thousand dollars ($145,000.00).

## JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. § 1332 (2010), this Court has original diversity jurisdiction of the action because Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Additionally, this court has long-arm jurisdiction over Defendants as they have established sufficient minimum contacts with the State of Vermont such that they should reasonably anticipate being summoned into court here and maintenance of this lawsuit does not offend judicial notions of fair play and substantial justice. *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, (2nd Cir. 1996), *Cert. denied* 519 U.S. 1006 (1996). Neal's Vintage Guitars, Neal's Music and California Vintage Guitar & Amp advertise in *Vintage Guitar Magazine*, a publication with national circulation, and also operate national websites under the same names.

3. Pursuant to 28 U.S.C § 1391, venue lies in the judicial district for Vermont because a substantial part of the events given rise to Plaintiff's claims occurred in this district. Among other things, contacts with Mr. Gaffney occurred here, payments for the guitar were made from this District, and the guitar was shipped to Mr. Gaffney here in Vermont.

## PARTIES

4.      Plaintiff Patrick Gaffney ("Mr. Gaffney" or "Plaintiff") is a resident of Putney, Vermont, and purchases, collects and sometimes sells and/or trades high-end vintage guitars.

5.      Upon information and belief, Defendants Neal Shelton and Catherine Shelton reside in the Town Huntington Beach, County of Orange, State of California, are dealers and retailers of vintage guitars, and operate a business located in the Town of Huntington Beach, County of Orange, State of California, known as "Neal's Vintage Guitars."

6.      Defendant Neal Shelton also operates a national website, which identifies Defendant's company as "Neal's Vintage Guitars," which in turn is identified on the website as a "subsidiary" of "Neal's Music." Upon information and belief, Neal's Music is owned and operated by Defendant Neal Shelton and his wife, Defendant Catherine Shelton, and has a principal place of business in the Town of Huntington Beach, County of Orange, State of California. Defendants Neal and Catherine Shelton, Neal's Vintage Guitars, and Neal's Music are hereinafter referred to collectively as "Shelton."

7.      Shelton is in the business of buying and selling new and vintage guitars across the United States of America, including Vermont, and advertises in magazines with national circulation, including *Vintage Guitar Magazine*.

8.      Upon information and belief, Defendant Dan Duehren resides in the City of Los Angeles, County of Los Angeles, and State of California, and is in the business of buying and selling new and vintage guitars across the United States of America, including Vermont (hereinafter "Duehren").

9.      Upon information and belief, Defendant David Swartz resides in the City of Los Angeles, County of Los Angeles, and State of California, and is in the business of buying and

selling new and vintage guitars across the United State of America, including Vermont (hereinafter "Swartz").

10. Upon information and belief, Defendant Duehren and Swartz are co-founders and operate a business located in the Town of Sherman Oaks, City of Los Angeles, County of Los Angeles, State of California, known as "California Vintage Guitar and Amp" and operate a national website under the same name.

11. Upon information and belief, Defendant Nicholas Panicci resides in the City of Los Angeles, County of Los Angeles, State of California, and is a dealer/collector of vintage guitars (hereinafter "Panicci") and is a musician and buyer and seller/collector of vintage guitars.

## COUNT I – BREACH OF CONTRACT

12. In the June, July, August and September 2007 editions of *Vintage Guitar Magazine*, Shelton advertised for sale a 1959 Fender Stratocaster, in original blue sparkle finish, with a maple neck ("1959 Stratocaster" or the "guitar"). *Vintage Guitar Magazine* has national circulation, including circulation in Vermont.

13. In or about July, 2007, Mr. Gaffney received several e-mails from Swartz and Duehren of California Vintage Guitar and Amp, a company Mr. Gaffney previously had done business with, pitching to Mr. Gaffney the same 1959 blue sparkle Stratocaster advertised by Shelton in *Vintage Guitar Magazine*. These e-mails contained photographs of the guitar in which the guitar appeared to be an original 1959 blue sparkle Fender Stratocaster as advertised. Duehren and Swartz also provided Mr. Gaffney with what they claimed was some early history of the guitar and some photographs showing the guitar surrounded by various associated memorabilia.

CORUM MABIE COOK PRODAN ANGELL & SECREST, PLC
45 Linden Street
Brattleboro, VT 05301

14. Having heard third hand that a similar guitar had recently been on the market, Mr. Gaffney asked about the guitar's provenance, and in particular whether the guitar had been worked on or altered from its original condition, but was assured by Duehren and Shelton that the guitar Mr. Gaffney had heard about must have been a different guitar from the 1959 blue sparkle Stratocaster now being advertised.

15. Next, Mr. Gaffney received a telephone call from Neal Shelton during which Shelton pitched to Mr. Gaffney the 1959 Stratocaster as well as a second guitar, a 1968 Telecaster[1].

16. Some days later, Mr. Gaffney received a telephone call from Panicci, who told Mr. Gaffney that he was the actual owner of the 59 Stratocaster. Mr. Panicci assured Mr. Gaffney the 59 Stratocaster was all original and had never been worked on or altered from its original condition. However, prior to offering the guitar to Mr. Gaffney, Panicci had been informed by vintage guitar dealers and experts that the guitar likely was not original and also knew the guitar had been previously refinished and that the neck of the guitar was not an original 1959 neck. None of the defendants ever informed Gaffney of these facts. Mr. Panicci also confirmed he had consigned the guitar for sale with Neal Shelton.

17. During this time, Mr. Gaffney also received e-mail correspondence from Shelton about the guitar as Shelton was working as Panicci's agent in selling the guitar. Mr. Gaffney was assured by Shelton and Panicci that Panicci purchased the guitar directly from the guitar's original owner, and that the guitar and the associated memorabilia were all original. Defendants then sent Mr. Gaffney additional photographs of the guitar in order to induce Mr. Gaffney into buying it. The asking price for the guitar was $225,000.00.

---

[1] Subsequent to this telephone call, and prior to his purchase of the 1959 Stratocaster, Mr. Gaffney purchased from Defendant Nicholas Panicci, through Shelton, the 1968 Telecaster without complaint.

18.     On or about July 24, 2007, in order to entice Mr. Gaffney to purchase the guitar and to assuage his concerns regarding the guitar's history, Panicci sent to Mr. Gaffney via Federal Express a package of photographs which Panicci claimed were of the guitar in its original dark blue color.

19.     After receiving the photographs at different times from Shelton and Panicci, in which the guitar appeared to be the correct and original dark blue sparkle color known to be used by Fender[2] in 1959, Mr. Gaffney and Shelton agreed on a purchase price of $150,000.00 for the guitar, its case, and associated memorabilia. The purchase price was to be paid as $130,000.00 in a cash wire directly to Mr. Panicci, plus Mr. Gaffney would then send Panicci three guitars (a 1973 Veleno Solid Body Chrome, a 1970's Veleno Original Chrome, and a 1975 Thavis Bean "V" style guitar natural finish, which guitars together were valued at $25,000.00) for the $20,000.00 balance. Mr. Panicci agreed to send Mr. Gaffney the $5,000.00 difference upon receipt of the three guitars, which he never did, in spite of receiving all three guitars from Plaintiff.

20.     Shelton gave Mr. Gaffney an approval period of 24 hours, meaning that Mr. Gaffney had 24 hours after receiving the guitar to inform Shelton as to whether he was keeping the guitar or returning it as unsatisfactory.

21.     Pursuant to the parties' agreement, on August 8, 2007, Mr. Gaffney wired Panicci a $50,000.00 deposit, and on the following day, August 9, 2007, wired Panicci the remaining $80,000.00. Mr. Gaffney also sent the three guitars directly to Panicci.

---

[2] Fender is a guitar manufacturer and manufactured the guitar at issue in the instant proceeding.

22. On August 9, 2007, Shelton confirmed to Mr. Gaffney that Panicci had received the funds and Defendants sent Mr. Gaffney the 1959 Stratocaster, its case, and associated memorabilia.

23. On Friday, August 10, 2007, Mr. Gaffney received the guitar and its related memorabilia. Immediately upon seeing the guitar, Mr. Gaffney saw that the finish was not original and could see it was different than the advertised guitar, and as e-mailed by Defendants. For example, the color of the guitar was closer to an aqua color and clearly not the correct and original dark blue color used by Fender in 1959. Additionally, the "sparkle" was too rough in texture and not smooth as the original finish would have been, and the sparkles themselves were too small and not original for 1959. In addition, the neck was incorrect and not original to a 1959 Stratocaster making it impossible that the guitar was an all-original 1959 example. This all was evident to Mr. Gaffney as soon as he received the guitar as Mr. Gaffney has owned and seen other correct and original Fender blue sparkle guitars.

24. That same Friday Mr. Gaffney immediately called Shelton to advise him he was returning the guitar as per the 24-hour approval period, and that accordingly he expected a full refund. That same evening Shelton confirmed the refund and asked Mr. Gaffney to send the guitar to Neal's Vintage Guitars. Thereafter Mr. Gaffney, Panicci and Shelton agreed the guitar could be shipped August 14, 2007 for delivery on August 15th. Both Panicci (by telephone) and Shelton (by e-mail) indicated Shelton would be purchasing the guitar from Panicci and that Panicci would refund Mr. Gaffney his money.

25. On August 12, 2007, Panicci sent Mr. Gaffney an e-mail telling him *not* to ship the guitar to Shelton. Mr. Gaffney replied asking what address he should ship the guitar to. Panicci never responded.

CORUM MABIE COOK PRODAN ANGELL & SECREST, PLC
45 Linden Street
Brattleboro, VT 05301

26. Instead, on August 13, 2007 Mr. Gaffney received an e-mail from Panicci's attorney advising Mr. Gaffney not to return the guitar to Shelton or to ship it to Mr. Panicci.

27. Then, on August 14, 2007, Mr. Gaffney received a letter from Panicci's attorney claiming the guitar was original as advertised and that it had appraised for $200,000.00. Panicci's attorney then sent a second letter again claiming the guitar was original as advertised.

28. Both Panicci and Shelton have failed and refused to accept the return of the guitar in breach of the parties' agreement.

29. In 2010, Mr. Gaffney sent the guitar for consignment sale to a vintage guitar expert. Upon receiving the guitar, that expert immediately informed Mr. Gaffney the guitar was not original Fender color or texture and in fact, the body had been "amateurishly" refinished, plus the neck and frets had also been refinished, replaced or altered, and that the value of the guitar did not exceed ten thousand and 00/100 dollars ($10,000.00).

30. Subsequently, Mr. Gaffney had the guitar examined by other experts who all agreed the guitar was not original, had been refinished, and was not worth more than Ten Thousand and 00/100 Dollars ($10,000.00).

31. At all times relevant hereto, Defendants knew or reasonably should have known that the guitar they advertised for sale as a 1959 Fender Stratocaster was not all original as parts of it had been repainted, refinished, replaced and/or altered, thereby significantly devaluing the guitar below its purchase price.

32. At all times relevant hereto Defendants, as owners and venders of the guitar at issue in this case, owed a contractual duty to Plaintiff to provide him with the guitar he contracted to purchase, to wit, an all-original 1959 Fender Stratocaster in original Fender blue sparkle finish, with original finish and neck.

33. Defendants have breached their legal duties to Plaintiff in that they have failed to provide him with the guitar Plaintiff contracted to purchase.

34. Defendants have further breached their legal duties to Plaintiff in that they have failed to accept a return on the guitar as promised, or to refund Mr. Gaffney his purchase price.

35. As a direct and proximate result of Defendants' breach of contract, Plaintiff has suffered compensatory and other damages, all as set forth more specifically herein.

## COUNT II – UNJUST ENRICHMENT

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35, as if fully set forth herein.

37. Defendants have been unjustly enriched in the amount of $145,000 equal to the difference of $155,000 paid by Mr. Gaffney to Defendants in cash and guitars and the value of the guitar actually sold to Mr. Gaffney by Defendants.

## COUNT III – CONSUMER FRAUD

38. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 37 above, as if fully set forth herein.

39. All Defendants are "sellers" of "goods" and Plaintiff is a "consumer" within the meaning of the Vermont Consumer Fraud Act, 9 V.S.A. §451a.

40. Plaintiff contracted for goods in reasonable reliance upon Defendants' false, fraudulent or deceptive representations prohibited by 9 V.S.A. §2453, which representations were material and likely to mislead Plaintiff, upon which representations Plaintiff reasonably relied, and because of which Plaintiff has sustained damages and injury, as more specifically set forth herein.

## COUNT IV – FRAUD IN THE INDUCEMENT

41.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 40 above, as if fully set forth herein.

42.     All Defendants purposely made various misrepresentations in advertising their guitar purchased by Plaintiff as being an all-original and un-altered 1959 blue sparkle Fender Stratocaster, and Defendants Shelton and Panicci made further and various misrepresentations to Plaintiff regarding the condition and nature of the guitar subsequently sold to Mr. Gaffney. These various misrepresentations were made in order to induce Plaintiff to purchase Defendants' guitar.

43.     Defendants also induced Mr. Gaffney to purchase the guitar by claiming the guitar came with a letter from Mike Anduss, the guitar's original owner, which Defendants knew or reasonably should have known to be untrue. Defendants knew or should have known this representation was false and made only to ensnare and entice Plaintiff into believing that he was purchasing a far more valuable guitar than Defendants actually were selling.

44.     Plaintiff reasonably relied on Defendants' misrepresentations in purchasing the alleged 1959 blue sparkle Fender Stratocaster guitar. Plaintiff has been harmed by Defendants' misrepresentations which concerned existing material facts relating to the subject matter of the contract, i.e., the condition, make and provenance of the guitar. Plaintiff has been damaged monetarily by Defendants' misrepresentations and has incurred legal fees, costs and expenses for which he seeks recovery. Additionally, Defendants actions have affected the vintage guitar industry negatively, requiring an award of punitive damages.

WHEREFORE, for the foregoing reasons, Plaintiff, Patrick Gaffney, respectfully requests the following relief: (a) as to Count I, Judgment against Defendants Neal Shelton,

Neal's Music, Neal's Vintage Guitars, Catherine Shelton and Nicholas Panicci for compensatory damages, plus interest, costs and legal fees; (b) as to Count II, Judgment against Defendants Neal Shelton, Neal's Music, Neal's Vintage Guitars, Catherine Shelton and Nicholas Panicci for compensatory and consequential damages in an amount to be determined; (c) as to Count III, Judgment against Defendants Neal Shelton, Neal's Music, Neal's Vintage Guitars, Dan Duehren, David Swartz, California Vintage Guitar & Amp and Nicholas Panicci for three times the damages shown at trial plus reasonable attorney's fees in accordance with 9 V.S.A. §2461; (d) as to Count IV, Judgment against Defendants Neal Shelton, Neal's Music, Neal's Vintage Guitars, Dan Duehren, David Swartz, California Vintage Guitar & Amp and Nicholas Panicci for compensatory, consequential and punitive damages shown at trial, plus interest and costs and legal fees; and (e) as to all Counts such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests a trial by jury.

Dated at Brattleboro, Vermont this 25th day of July, 2011.

PATRICK GAFFNEY

By: _____
Samuel Hunt Angell, Esq.
Corum Mabie Cook Prodan
Angell & Secrest, PLC
45 Linden Street
Brattleboro, VT 05301
(802) 257-5292
sangell@sover.net
License # 3116
Attorney for Plaintiff