**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

```
PATRICK GAFFNEY,                          :
                                          :
            Plaintiff,                    :
                                          :
      v.                                  :   Case No. 2:11-CV-00189
                                          :
NEAL SHELTON, Individually                :
and d/b/a NEAL'S VINTAGE                  :
GUITARS, NEAL'S MUSIC, and                :
NICHOLAS PANICCI                          :
                                          :
            Defendants.                   :
```

**MEMORANDUM OPINION and ORDER**

This claim involves the sale of a vintage guitar.  Patrick Gaffney brought suit against Neal Shelton, individually and doing business as Neal's Vintage Guitars and Neal's Music, and Nicholas Panicci ("Defendants").  Earlier in this case, Defendants moved to dismiss the case due to improper venue. That motion was denied.  Based on a declaration filed subsequent to the original motion, Defendants renew their motion to dismiss due to improper venue, and in the alternative, request that venue be transferred to the Central District of California.  For the reasons that follow, both motions are DENIED.

**FACTUAL BACKGROUND**

During July and August of 2007 Gaffney negotiated and executed the purchase of a 1959 Fender Stratocaster guitar in original "blue sparkle" finish from Panicci, with Shelton acting as Panicci's agent.  Panicci and Shelton live in California,

Gaffney lives in Vermont.  Gaffney and Shelton agreed on a purchase price of $150,000 for the guitar, its case, and assorted memorabilia.  On August 8th and 9th of 2007, Gaffney wired Panicci $130,000 cash, and paid the remaining balance by shipping Panicci three guitars.  In turn, Gaffney received the 59 Stratocaster on August 10th.  Upon receipt, Gaffney determined that the guitar was not in fact a 59 Stratocaster with blue sparkle finish.  Gaffney attempted to return the guitar pursuant to an agreed upon 24 hour return period, but Panicci's attorney advised Gaffney that the guitar was original as advertised and that a return would not be accepted.  Gaffney then brought the present suit in July 2011.

Defendants have already challenged venue once, and this Court found venue to be proper in Vermont.  Defendants renew their challenge here on the basis of a declaration filed by Dan Duehren.  Duehren is a guitar seller who was involved in the early stages of the transaction at issue, and who was previously named as a defendant in this matter.  Duehren's declaration describes previous business transactions he has conducted with Gaffney, as well as his discussions with Gaffney about the Stratocaster.

**DISCUSSION**

**I. Dismissal Pursuant to 28 U.S.C. § 1406(a)**

Defendants renew their motion dismiss for improper venue on the basis of "newly discovered" facts. Defendants claim that the Declaration of Dan Duehren ("Duehren Declaration" ECF No. 26, Exhibit A) provides support for their contention that "well before [Gaffney] had direct contact with Defendants related to the Guitar, he was engaged in business in California involving the investigation and due diligence of the very same Guitar." Def.'s Mot. 7. Additionally, Defendants argue that "these facts were not available to [them] prior to the filing" of the original motion to dismiss due to improper venue. Def.'s Mot. 3.

The Defendants filed their original motion to dismiss on September 12, 2011. The Duehren Declaration was filed with this Court four days later, on September 16. Gaffney responded to the motion on October 12, and Defendants replied on October 26. Thus, Defendants were able to weigh in on the original motion some six weeks *after* the filing of the Duehren Declaration, and in fact, cited to the Duehren declaration multiple times in its reply of October 26. It is clear then, that the facts contained in the Duehren declaration are not "new," and should not change the Court's prior ruling.

3

Regardless, Defendants ask that the Court "include the negotiations between [Gaffney] and [Duehren] in the balancing of factors to determine where a substantial part of the transaction occurred," and Defendants argue that this prior contact with Duehren "significantly tip[s] [the] balance" of events involving the sale of the guitar "in favor of California." *Id*. at 7-8. Defendant's fail, however, to cite to any authority to suggest that a "balancing test" is involved in determining "where a substantial part of [a] transaction occurred."

As the Court pointed out in its prior opinion, "[v]enue may be proper in more than one district, and a plaintiff need only establish that a substantial part of the event occurred here *even if* a great part of the event occurred elsewhere."  ECF No. 20 at 13 (emphasis added) (citing *Country Home Products, Inc. v. Schiller-Pfeiffer, Inc*., 350 F. Supp. 2d 561, 568 (D. Vt. 2004). The Court then held that because "negotiations for and performance of the contract took place in both California and Vermont . . . venue is proper in Vermont as well as in California." *Id*. at 14.  The suggestion that a "greater" part of the event than previously thought occurred in California does not change the Court's previous finding that a substantial part of the event occurred in Vermont.  Accordingly, venue remains proper in Vermont, and Defendants' motion to dismiss is DENIED.

## II. Transfer Pursuant to 28 U.S.C. § 1406(a)

In the alternative, Defendants request that the Court transfer venue to the Central District of California pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  In deciding whether to grant a transfer a District Court must consider several factors, such as:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006) (quoting *Albert Fadem Trust v. Duke Energy Corp.,* 214 F.Supp.2d 341, 343 (S.D.N.Y.2002)) (internal quotation marks omitted).  Defendants have "the burden of establishing that this action should be transferred," and "[a]bsent a clear and convincing showing that the balance of convenience strongly favors an alternate forum, discretionary transfers are not favored."  *Tom and Sally's Handmade Chocolates, Inc. v. Gasworks, Inc.*, 977 F. Supp. 297, 302 (D. Vt. 1997) (internal citations omitted).

The plaintiff's choice of forum "is entitled to substantial weight." *James Maroney, Inc. v. Flury & Co., Ltd.*, No. 5:09-cv-252-cr, 2010 WL 3322920, *9 (D. Vt. May 28, 2010) (citing *Bridgeport Machines, Inc. v. Alamo Iron Works, Inc.,* 76 F.Supp.2d 214, 217 (D.Conn. 1999)).  Moreover, "[w]here the balance of convenience is in equipoise, plaintiff's choice of forum should not be disturbed." *Sollinger v. NASCO Intern., Inc.*, 655 F.Supp. 1385, 1390 (D. Vt. 1987) (quoting *Ayers v. Arabian American Oil Co.,* 571 F.Supp. 707, 709 (S.D.N.Y. 1983)) (internal quotation marks omitted).

Defendants' argument for transfer focuses largely on the availability of two witnesses, the Duehrens, who Defendants expect will be able to testify to the authenticity of the guitar.  The Defendants also raise concerns about the convenience of three other California witnesses.  However, Defendants proffer only that those witness would be able to testify to Gaffney's business contacts in California, and it is unclear why those witnesses would be necessary or relevant at trial.  Additionally, Defendants express concern about the availability and convenience of the Fender Musical Instrument Corporation, which is located in California.  As a major corporation, Fender should be able to reasonably tolerate the inconvenience of litigation in Vermont.

On the other hand, transferring this case to California would raise issues of availability and convenience for a number of Plaintiff's witnesses. Gaffney argues that there are nine witnesses located in the contiguous states of New York, Vermont, and New Hampshire who would be required to travel to California should this case be transferred there. Moreover, this Court has already found that "litigation in California would be an equal burden on Gaffney as litigating in Vermont would be on Defendants." ECF No. 20 at 12.

With respect to the other factors in the analysis, none weigh strongly in favor of the Defendants. The transaction took place in both California and Vermont and sources of proof are located in both states.

Because Defendants have failed to make an adequate showing that the balance of convenience strongly favors an alternate forum, their motion to transfer venue is DENIED.

**CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss due to improper venue, or in the alternative, to transfer venue, is DENIED.

Dated at Burlington, Vermont this 26th day of April, 2012.


<u>/s/ William K. Sessions III</u>
William K. Sessions III
District Judge